## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JOSEPH MICHAEL ANDREWS (#7700006906)**           **CIVIL ACTION**

**VERSUS**

**LIVINGSTON PARISH DETENTION CENTER**           **20-556-SDD-RLB**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 22, 2021.

                          **RICHARD L. BOURGEOIS, JR.**
                          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH MICHAEL ANDREWS (#7700006906)　　　　　CIVIL ACTION

VERSUS

　　　　　　　　　　　　　　　　　　　　　　　　　20-556-SDD-RLB

LIVINGSTON PARISH DETENTION CENTER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The *pro se* Plaintiff, an inmate confined at the Livingston Parish Detention Center ("LPDC"), Livingston, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendant Livingston Parish Detention Center complaining that his constitutional rights were violated while confined in the Transitional Unit.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).  A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to

pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that he was housed in the Transitional Unit at LPDC for approximately 70 days. During that time the plaintiff alleges that he was poisoned, shot with lasers, shocked with a taser, beaten, and gassed. The plaintiff also asserts that he was blocked from sending or receiving federal mail, was not provided access to a bible, denied medical treatment for a spider bite, was not provided with a mattress or a sheet, was placed in lockdown based on false charges, and excessive force was used against him.

Section 1983 only imposes liability on a "person" who violates another's constitutional rights under color of law. In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether a person or entity can be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as an "entity to which the law attributes personality, such as a corporation or partnership." *See* La. Civ. Code Ann. art. 24.

Furthermore, in order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and

the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

In the instant matter, the plaintiff has not identified any person who, while acting under color of state law, was personally involved in conduct causing an alleged deprivation of his constitutional rights. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Additionally, a parish or municipal jail is "not an entity, but a building." *Savoy v. St. Landry Parish Council*, 2008 WL 4822269 at *3 (W.D. La. Oct. 10, 2008). The only named defendant in this matter, LPDC, is not a person within the meaning of section 1983.[1]

Furthermore, the only person mentioned in the Complaint, though not listed as a defendant, is Victoria Simmons. The plaintiff alleges that Simmons opened his legal mail, containing the form used to file the instant Complaint, in his presence. Prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected. *Brewer v. Wilkinson,* 3 F.3d 816, 825 (5th Cir. 1993); *Patel v. Haro,* 470 F. App'x. 240, 244 (5th Cir. 2012). As such, the Court cannot say the plaintiff has alleged a violation of a constitutional right based on his legal mail being opened in his presence. As such, the plaintiff's Complaint fails to state a claim upon which relief may be granted.

Additionally, many of the plaintiff's allegations are frivolous in that they surpass being merely improbable and strange.[2] In Section III of his Complaint the plaintiff lists himself, in his

---

[1] The plaintiff names LPDC as a defendant in the caption of his Complaint.

[2] In a subsequently filed Complaint, the plaintiff makes similar allegations but adds that witchcraft and sorcery were used in an attempt to kill him and he was poisoned three times per day for two weeks. The plaintiff further alleged that silent weapons tried to kill him while he was vomiting. The weapons ate into the wall like acid. The plaintiff additionally alleged that he was targeted and tortured by the secret government. *See Andrews v. Livingston Parish Detention Center, et al.,* Civil Action No. 21-21-SDD-RLB (M.D. La.).

capacity as an FBI Special Agent, as a defendant.  In the same section the plaintiff lists other inmates as defendants, but also purports to be bringing a claim on behalf of these inmates.[3]  The plaintiff also alleges that he filed three grievances that were denied as a part of a secret government conspiracy to murder him.  Part of the relief he requests is that the "secret government" be shut down.

To the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

---

[3] To the extent the plaintiff intended to name other inmates as defendants, the plaintiff has not alleged any action on the part of these inmates that would give rise to these inmates being state actors within the meaning of § 1983. To the extent the plaintiff is attempting to bring a claim on behalf of these inmates, this claim is not cognizable in this Court. Specifically, a *pro se* litigant does not have standing to assert the civil rights of third parties injured by a defendant's alleged unlawful conduct.  *See Roark v. Flanery*, 2014 WL 4447451, *26 (E.D. Tex. Sept. 9, 2014), citing *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986).

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[4]

Signed in Baton Rouge, Louisiana, on March 22, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."